J-S29013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES HOUSER, | : | |
| | : | |
| Appellant | : | No. 3865 EDA 2017 |

Appeal from the PCRA Order October 23, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006793-2015

BEFORE: PANELLA, J., MURRAY, J., and STEVENS[*], P.J.E.

MEMORANDUM BY PANELLA, J. **FILED SEPTEMBER 14, 2018**

Charles Houser appeals from the order entered in the Delaware County Court of Common Pleas, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Further, Scott D. Galloway, Esquire, has filed an application to withdraw from representation and an **Anders** brief.[1] We affirm and grant Attorney Galloway leave to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Attorney Galloway has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal following the denial of PCRA relief. The dictates of **Anders** apply only on _direct_ appeal, not on _collateral_ review. Counsel files an **Anders** brief on direct appeal when he determines the appeal is "wholly frivolous." **Id**., at 744. The appropriate filing would have been a **Turner/Finley** "no-merit" letter. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213

The relevant facts and procedural history are as follows. Following a bench trial, the court convicted Houser of misrepresenting his criminal record in connection with his attempt to purchase a firearm and unsworn falsification to authorities. The trial court sentenced Houser to 12 to 24 months' incarceration, followed by a probationary term. Houser did not file a direct appeal.

Instead, Houser filed a timely *pro se* PCRA petition. In his petition, Houser alleged trial counsel's ineffectiveness for failing to challenge his inaccurate criminal history at trial and file a direct appeal as requested. The PCRA court appointed Attorney Galloway as PCRA counsel. After reviewing the record, Attorney Galloway filed a petition to withdraw as counsel along with a letter asserting that there was no merit to either of Houser's contentions. However, because the PCRA court determined that Houser's petition raised a question of fact regarding whether Houser asked trial counsel to file an appeal, the court denied Attorney Galloway's request to withdraw and scheduled an evidentiary hearing on the issue.[2]

_____

(Pa. Super. 1988) (*en banc*). Regardless, because an **Anders** brief provides greater protection to a defendant than a **Turner**/**Finley** no-merit letter, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

[2] In this order, the PCRA court indicated its intent to dismiss Houser's other claim, that trial counsel was ineffective for failing to challenge the accuracy of his criminal history, without a hearing. **See** Order, 7/18/17. The PCRA court ultimately dismissed this claim. **See** Order, 10/23/17. This claim is not at issue in this appeal.

At the hearing, Houser testified that James, Wright, Esquire, represented at him trial and sentencing. ***See*** N.T., PCRA Hearing, 10/20/17, at 5. Prior to sentencing, Houser claimed he met with Attorney Wright and was informed that his sentencing "paperwork" was "all screwed up." ***Id***., at 5-6, 8. Based upon this information, Houser asserted he told Attorney Wright to appeal his sentence. ***See id***., at 6. However, Houser later discovered Attorney Wright did not appeal his sentence as requested. ***See id***., at 6-7.

Attorney Wright testified at the hearing. While he confirmed representing Houser during his trial and sentencing, he did not recall having a conversation about sentencing "paperwork" with Houser prior to sentencing. ***See id***., at 11-12. Further, Attorney Wright testified that it was his practice to note in a client's file when an appeal had been requested. ***See id***., at 12-13. However, Attorney Wright indicated that there was no notation in Houser's file that he ever requested an appeal. ***See id***., at 13-14.

At the conclusion of the hearing, the PCRA court indicated that it found Attorney Wright's testimony that Houser did not request an appeal to be credible. ***See id***., at 15. The PCRA court disbelieved Houser. Therefore, the court denied Houser's PCRA petition. Houser filed a timely appeal. Attorney Galloway has filed a petition to withdraw on appeal as well as an ***Anders*** brief.

Prior to addressing the merits of Houser's requested appeal, we must first examine Attorney Galloway's request to withdraw. Attorney Galloway's brief more closely resembles an advocate's brief than an ***Anders*** brief. ***See Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009) (articulating

*Anders* requirements). Attorney Galloway, however, has indicated he sent Houser a copy of the brief, the petition to withdraw, and a letter informing Houser of his right to proceed *pro se* or with new counsel. **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Houser has not filed a response to either of Attorney Galloway's filings.

The brief may not meet the necessary technical requirements of **Anders** and **Santiago**, but under the circumstances of this case, we need not remand for the preparation of a proper brief. Houser's issue on appeal is based solely on the PCRA court's credibility determination, and our resolution of this issue would not be aided, in any meaningful way, by a new filing in compliance with **Turner**/**Finley**.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). The PCRA court's findings will not be disturbed unless the certified record lacks support for the findings. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted).

Houser's sole claim on appeal is that trial counsel rendered ineffective assistance when he failed to file Houser's requested direct appeal.

To succeed on this claim, Houser must establish, by pleading and proving, that the underlying issue has arguable merit; that counsel's actions lacked an objective reasonable basis; and that actual prejudice resulted from counsel's act or failure to act. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012). "Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored." *Commonwealth v. Spencer*, 892 A.2d 840, 842 (Pa. Super. 2006) (citing *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999)). This is because "where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and such failing constitutes prejudice *per se*. *Lantzy*, 736 A.2d at 572 (footnote omitted). However, "relief is only appropriate where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request." *Spencer*, 892 A.2d at 842 (citation omitted).

Here, Houser pled his claim in his PCRA petition and attempted to prove this claim by testifying that he requested Attorney Wright file a direct appeal on his behalf. However, Attorney Wright testified that he had no recollection of this request. In ruling against Houser, the PCRA court accepted Attorney Wright's testimony as credible and accurate—and squarely rejected Houser's version of events. *See* N.T., PCRA Hearing, 10/20/17, at 15. *See also* PCRA

Court's Opinion, 1/19/18, at 6. The record supports this credibility determination. Thus, we are bound by that finding. *See Anderson*, 995 A.2d at 1189.

As the record contradicts Houser's assertion that trial counsel ignored his timely request to file a direct appeal, we affirm the PCRA court's order dismissing his PCRA petition and we grant Attorney Galloway's petition to withdraw as counsel. Our independent review of the certified record does not reveal any other meritorious issues.

Order affirmed. Petition to withdraw as counsel granted.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/18